UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VIVIANA RAMIREZ, on her own behalf and
others similarly situated,

    Plaintiff,

v.                                                           Case No. 5:12-cv-100-Oc-34TBS

RAPTOR TECHNOLOGY GROUP, INC., a
Florida Profit Corporation, THOMAS P.
GLEASON, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Final Default Judgment. (Doc. 11). Upon due consideration, the undersigned recommends that the motion be GRANTED and judgment be entered in favor of Plaintiff and against Defendants, jointly and severally.[2]

### I. Background

On February 22, 2012, Plaintiff, Viviana Ramirez filed an action in federal court against her former employers Defendants Raptor Technology Group, Inc. ("Raptor

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Title 29, United States Code, Section 216(b) provides in pertinent part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." See also Anderson v. Cagle's Inc., 488 F.3d 945, 950 n. 3 (11th Cir. 2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action."). Although Plaintiff filed her Complaint "on her own behalf and on behalf of those similarly situated" (see Doc. 1 at 1) no individuals have "opted in" to this FLSA action. Accordingly, this default judgment does not bar claims of other similarly situated individuals; rather, it only bars future claims by Plaintiff Viviana Ramirez.

Technology") and Thomas P. Gleason, for unpaid minimum wages and liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Doc. 1 ¶ 1, Doc. 11 at 1). Plaintiff alleges she was an hourly paid non-exempt employee of Defendants' company and that her employer "failed to compensate [her] at the applicable federal minimum wage for all hours worked in each work week." (Doc. 1 ¶¶ 16-17). Additionally, Plaintiff alleges that "during one or more work weeks, Defendants did not compensate [her] at all for her work." (Id. ¶ 17).

Plaintiff has also asserted a breach of employment contract claim for back wages of an agreed upon pay rate.[3] (Id. ¶¶ 34-41). In support of this claim, Plaintiff maintains that Defendants agreed to pay her $12.00 per hour. (Id. ¶ 35; Doc. 11 at 2,7). She further maintains that although she worked for her employers in accord with their agreement, Defendants failed to pay her from September 2011 through November 2011. (Doc. 1 ¶¶ 37-39).

Defendants failed to respond to Plaintiff's Complaint, despite being properly served.[4] Accordingly, the Clerk of Court entered a default as to both Defendants, pursuant to FED. R. CIV. P. 55(a). See (Docs. 7 &10). Plaintiff now seeks entry of a default judgment in her favor and against both defendants. (Doc. 11).

---

[3]Plaintiff grounds her breach of contract claim in "Florida Statutes § 448." There is no such section in the Florida Statutes. Rather, "448" is a chapter entitled "General Labor Regulations" and it contains numerous sections. Plaintiff has failed to identify the specific section of the statute upon which she relies. Nevertheless, as established in section II.C, infra, her allegations are sufficient to support a common law breach of contract claim.

[4]A review of the record shows the corporate Defendant Raptor Technology was served with a summons and a copy of the Complaint on February 28, 2012 (Doc. 6), and Defendant Gleason was served on March 14, 2012. (Doc. 8).

The Court previously issued and then vacated a Report and Recommendation that the motion be granted. (Doc. 12 and 14). In its Order vacating the earlier Report and Recommendation the Court said Plaintiff had failed to comply with the Servicemembers Civil Relief Act, 50 app. U.S.C. § 501 et. seq. Plaintiff has now filed the Renewed Affidavit of Amanda E. Kayfus, Esquire in which she states that on May 21, 2012, she spoke with Defendant, Thomas P. Gleason by telephone and Mr. Gleason confirmed he was not in the military service. Attached to the Amended Affidavit is an email from Defendant, Thomas P. Gleason further confirming that he is currently not in military service. (Doc. 18).

## II. Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a judgment, pursuant to FED. R. CIV. P. 55(b), there must be sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[5]

---

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October
(continued...)

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

A. Unpaid Minimum Wage Under the FLSA

To establish a prima facie case of liability for unpaid minimum wage, Plaintiff must demonstrate the following:

> First, that he was employed by [defendant] during the time period involved; Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and Third, that the defendant failed to pay the minimum wage required by law.

Hartsfield v. Express Shipping & Towing, Inc., No. 6:07-cv-540-Orl-31KRS, 2008 U.S. Dist. LEXIS 117451, at *5-6 (Jan. 28, 2008). With regards to the second prong, in the Eleventh Circuit, an employee is considered to be "engaged in commerce" if he is:

> [D]irectly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

---

[5](...continued)
1, 1981.

Sutphin v. Zontrom LLC, No. 6:09-cv-1614-Orl-28DAB, 2010 U.S. Dist. LEXIS 16240, at *4-5 (M.D. Fla. Feb. 5, 2010) (citing Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006)). "Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce." Id. at *5.

Plaintiff's allegations are sufficient to meet the elements of a claim for unpaid minimum wage under the FLSA. First, Plaintiff alleges that she began working for Defendants in February 2011 and the alleged violation of the FLSA occurred between September 2011 and November 2011. (Doc. 1 ¶¶ 17, 20). Second, Plaintiff avers that she was engaged in commerce due to the fact that she "[o]perated instrumentalities of commerce . . . [t]ransported goods in commerce . . . [u]sed channels of commerce . . . [c]ommunicated across state lines; and/or . . . [p]erformed work essential to any of the preceding activities." (Id. ¶ 13). In this regard, Plaintiff further alleges that "the worked performed by [her] was directly essential to the business performed by Defendants." (Id. ¶ 14). Lastly, Plaintiff alleges that "Defendants failed to compensate [her] at the applicable federal minimum wage for all hours worked in each week as required by the FLSA." (Id. ¶ 17). Upon consideration of the foregoing, the Court concludes that Plaintiff has demonstrated her prima facie case against Defendants for their failure to comply with the FLSA's minimum wage mandates. The Court will now consider the record on damages.

B. Damages On FLSA Claim

Damages may be awarded only if the record adequately reflects the basis for the

award through evidence such as a detailed affidavit. Under the FLSA, an offending employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If, as is the case here, "the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate plaintiff's prima facie case, 'the court may award approximate damages based on the employee's evidence.'" Donald v. Park & Fly, LLC, No. 3:10-cv-41-J-34MCR, 2011 U.S. Dist. LEXIS 139433, at *9 (M.D. Fla. Nov. 7, 2011). The employee may rely on an affidavit to prove damages. Childress v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2011 U.S. Dist. LEXIS 136994, at *5 (M.D. Fla. Nov. 4, 2011) ("A plaintiff may quantify damages by affidavit or other admissible evidence.").

In this case, a clerk's default was entered against both Defendants because they failed to respond to the Complaint. See (Docs. 7 & 10). Consequently, Defendants have not submitted any time records for the Court's review. Plaintiff maintains that "Defendants have failed to maintain proper time records as mandated by the FLSA." (Doc. 1 ¶¶ 20, 29). Plaintiff, on the other hand, has submitted an affidavit in support of her motion for default judgment in which she claims $2,900.00 in unpaid minimum wages ($7.25 minimum wage rate[6] x 40 hours x 10 weeks) and an equal amount in liquidated damages. (Doc. 11 at 7). "In light of Defendant[s'] failure to appear and come forward with evidence to rebut this amount and show the precise amount of work performed by Plaintiff, Plaintiff's affidavit is sufficient to carry her burden of proof

---

[6]See 29 U.S.C. § 206(a)(1)(C).

regarding the amount of [unpaid minimum wages] due." Donald, 2011 U.S. Dist. LEXIS 139433, at *10-11. Accordingly, the undersigned finds that Plaintiff is entitled to $5,800.00 on her FLSA claim.

C. Unpaid Wages (Breach of Contract Claim)

To establish a breach of contract claim under Florida law, a plaintiff must prove the following elements: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009) (citing Friedman v. N.Y. Life Ins. Co., 985 So. 2d 56, 58 (Fla. 4th DCA 2008)); see also Action Nissan, Inc. v. Hyundai Motor Am., 617 F. Supp. 2d 1177, 1195 (M.D. Fla. 2008).

Plaintiff alleges that Defendants agreed to pay her $12.00 per hour for each hour she worked. (Doc. 11 at 7). Plaintiff further alleges that she worked for at least eight months under this agreement before Defendants ceased paying her the specified amount. (Doc. 1 ¶¶ 16-17, 38). Plaintiff maintains that she has suffered financial damages in the form of unpaid wages. Upon due consideration, the Court concludes that Plaintiff's allegations are sufficient to meet the elements of a claim for breach of contract under Florida law.

D. Damages On Unpaid Wages (Breach of Contract Claim)

"It is well settled that the injured party in a breach of contract action is entitled to recover monetary damages that will put it in the same position it would have been had the other party not breached the contract." Capitol Envtl. Servs. v. Earth Tech, Inc., 25 So. 3d 593, 596 (Fla. 1st DCA 2009). "Damages recoverable by a party injured by a

breach of contract are those that naturally flow from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was entered into." Mnemonics, Inc. v. Max Davis Assocs., 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002).

Taking Plaintiff's averments as true, the Court concludes that she is entitled to $4.75 in unpaid wages, which is the difference between her agreed rate of pay ($12.00) and the amount of unpaid federal minimum wages awarded in section II.B., supra, ($7.25). As Plaintiff notes in her affidavit, this totals $1,900.00 ($4.25 difference between agreed rate of pay and statutory minimum wage rate x 40 hours x 10 weeks). See (Doc. 11 at 2).

E. Taxation of Costs

Under the Federal Rules of Civil Procedure, a prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute. See FED. R. CIV. P. 54(d)(1); see also 29 U.S.C. § 216(b). In consideration of Defendants' default, the Court finds that Plaintiff is the "prevailing party." See Jean-Louis v. Greenberg, No. 08-81205-Civ-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 98487, at *4 (S.D. Fla. Sept. 29, 2009) ("[T]he entry of a default judgment against Defendants renders Plaintiff the prevailing party."). Pursuant to federal statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title

[28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

Plaintiff has submitted a bill of costs totaling $516.07, which includes $350.00 for the filing fee; $118.00 for the service of process; $26.45 in travel expenses; $15.50 for long distance telephone calls; and $6.12 in postage. Upon due consideration, the Court concludes that $350.00 for the filing fee and $118.00 for the service of process are compensable under 28 U.S.C. § 1920. However, the costs for long distance telephone calls, postage and travel expenses are not compensable under the statute. See Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1315 (S.D. Fla. 2009) ("The costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920") (citing Glenn v. General Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A. § 1920")).

F. Attorney's Fees

Although she is entitled to recover reasonable attorney's fees as the prevailing party in this action (see 29 U.S.C. § 216(b)), Plaintiff has advised the Court that she "does not seek to recover her attorney's fees incurred in this matter." (Doc. 11 at 3).

G. Servicemembers Civil Relief Act

The purpose of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501 et. seq. is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military

9

service." 50 App. U.S.C. § 502(2). Before the Court can enter a default judgment for Plaintiff, the law provides in part for the Plaintiff to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 App. U.S.C. § 521(b)(1)(A). The Renewed Affidavit of Amanda E. Kayfus, Esquire shows that in May of this year she had a telephone conversation with Defendant, Thomas P. Gleason in which he confirmed that he is not in the military service. It also shows that Defendant, Gleason sent counsel an email in May of this year, further confirming that he is not currently in the military service. This is sufficient to satisfy the requirements of the Act.

### III. Conclusion

Upon consideration of the foregoing, it is respectfully RECOMMENDED that:

1. Plaintiff's Motion for Final Default Judgment (Doc. 11) be GRANTED.

2. The Clerk be directed to ENTER JUDGMENT in favor of Plaintiff and against Defendants, jointly and severally, for the following amounts :

    a.    $8,168.00 in damages ($5,800.00 for the FLSA claim + $1,900.00 for the breach of contract claim + $468.00 in taxable costs), plus,

    b.    Post-judgment interest, pursuant to 28 U.S.C. § 1961, to accrue at the rate provided for in Section 1961 from the date of entry of final judgment by the Clerk to the date of payment. Perez v. Palermo Seafood, Inc., 548 F. Supp. 2d 1340, 1351 (S.D. Fla. 2008); Leonard v. Carmichael Properties & Management Co., 614 F. Supp. 1182, 1189 (S.D. Fla. 1985) (the Court concluded that FLSA plaintiff was entitled to post-judgment interest in addition to

overtime compensation and liquidated damages); <u>Reeves v. International Tel. & Tel. Corp.</u>, 705 F.2d 750, 751-52 (5th Cir. 1983) (post-judgment interest is recoverable for violations of the FLSA despite award of liquidated damages).[7]

3. The Clerk be directed to CLOSE the file.

RESPECTFULLY RECOMMENDED in Ocala, Florida, on June 8, 2012.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Honorable Marcia Morales Howard
United States District Judge

All Counsel of Record

---

[7] Pre-judgment interest will not be assessed in this Section 216(b) action because of Plaintiff's liquidated damages award. See 2 Ellen C. Kearns, The Fair Labor Standards Act 18-165 (2d ed. 2010) ("[B]ecause Section 16 (b) provides for liquidated damages to compensate plaintiffs for the delay in receiving payment of wages or overtime, it does not allow prejudgment interest or any other compensation for delay in any circumstances in actions under that section."); <u>see</u> <u>also</u> <u>Reeves</u>, 705 F.2d at 751 ("Pre-judgment interest does not accrue, for the liquidated damages allowed by statute coverall damages including interest."); <u>see</u> <u>also</u> <u>Mitchell v C.&.P. Shoe Corp.</u>, No. 8562-M, 8563-M, 8656-M, 8697-M, 8705-M and 8806-M, 1963 U.S. Dist. LEXIS 6917, at *21-22 (S.D. Fla. Feb. 8, 1963).